IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALLACE T. PREITZ, II, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 11-44 |
| | : | |
| AMERICAN AIRLINES, INC., et al., | : | |
| Defendants. | : | |

## ORDER AND MEMORANDUM

**AND NOW**, this 11th day of January, 2017, upon the representations of counsel that the above-captioned matter has settled, it is hereby **ORDERED** that this case is **DISMISSED WITH PREJUDICE AND WITHOUT COSTS** pursuant to Local Rule 41.1(b). The Clerk of Court is directed to close this case for statistical and all purposes.

### DISCUSSION

Ordinarily, upon notification that the parties have settled, courts in the Eastern District of Pennsylvania enter an order dismissing the action pursuant to Local Rule 41.1(b), which provides a 90-day period in which the parties may seek, for example, to re-open the case to enforce a settlement agreement. *See Kozierachi v. Perez*, No. 10-cv-7570, 2014 WL 1378268 (E.D. Pa. Apr. 7, 2014). Otherwise, once a case settles, overseeing enforcement of the settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994); *see also id*. at 380 (court's ancillary jurisdiction does not automatically extend to enforcement of a settlement agreement, even one "that has as part of its consideration the dismissal of a case before a federal court.").

In the present case, counsel first notified this Court that the parties had reached a "tentative settlement" with the assistance of a mediator on or around October 30, 2015.[1] This Court placed the matter in suspense to allow the parties the time to firm up the settlement agreement. ECF No. 57. Prior to these settlement talks, but after the action was commenced, the defendants sought Chapter 11 bankruptcy protection. ECF No. 26. On October 7, 2016, counsel informed this Court that the parties had executed a settlement agreement, but indicated that approval of the settlement was pending before the bankruptcy court. Counsel also noted that "the agreement provides that the lawsuit would not be dismissed until a distribution of the settlement proceeds actually occurs" and that, if a distribution did not occur by the end of 2016, the plaintiff reserved the right to declare the agreement null and void. ECF No. 61. This Court maintained the case in suspense pending the bankruptcy court's approval and ordered a joint status report to be filed by no later than January 10, 2017. ECF. No. 62. In a letter dated January 6, 2017, counsel informed this Court that the bankruptcy court had approved the settlement and that, despite the fact that a distribution had not been made before the close of 2016, the plaintiff had opted not to nullify the agreement.

The January 6, 2017 letter reiterates that the parties agreed to condition dismissal of this lawsuit on whether a "distribution of the settlement proceeds actually occurs." Thus, they request that this matter remain in suspense until the defendants make such distribution. Put differently, the parties are asking this Court to retain jurisdiction over this matter <u>indefinitely</u> to supervise the implementation, or enforcement, of the settlement agreement. This Court declines to do so. While courts have the "discretion" to retain jurisdiction over a case for the limited

---

[1] The plaintiff is a disabled pilot who seeks to reinstate long-term disability insurance benefits under the Pilot Long Term Disability Plan sponsored by his employer, American Airlines, Inc., pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Compl. ¶ 1, ECF No. 6.

purpose of overseeing a settlement contract "if the parties agree," *Kokkonen*, 511 U.S. at 381-82, it is this Court's practice to limit the exercise of such jurisdiction to the 90-day period prescribed under Local Rule 41.1(b).  *See, e.g., Kozierachi*, 2014 WL 1378268, at *2 (re-opening case for the sole purpose of enforcing a settlement agreement because the motion was brought within the 90-day period, and simultaneously re-ordering immediate dismissal with prejudice).  One of the reasons "[s]ettlement agreements are encouraged as a matter of public policy" is that they "lighten the increasing load of litigation faced by courts."  *D.R. by M.R. v. E. Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997).  Local Rule 41.1(b) furthers the same public policy objective.  *See* Peter F. Vaira, *Eastern District of Pennsylvania Federal Practice Rules Annotated* 205 (2016) (Local Rule 41.1(b) gives courts "a mechanism to simultaneously *remove settled cases from [their] docket[s]* and retain jurisdiction over those settlements for 90 days to oversee difficulties that arise.") (emphasis added).

This Court did not enter a 41.1(b) dismissal upon the earlier notification that the parties had settled, because the settlement agreement was still subject to approval by the bankruptcy court.  Now that the bankruptcy court has approved the settlement, this Court sees no reason to delay dismissal any further.  The plaintiff will not be prejudiced by this decision because, even if the distribution does not occur within the prescribed 90-day period, he can still enforce the settlement agreement thereafter as he would any other contract.  *See In re Columbia Gas Sys. Inc.*, 50 F.3d 233, 238 (3d Cir. 1995).  This case is dismissed pursuant to Local Rule 41.1(b).

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II    J.